George Munroe et al. v. James A. Ivie.

GEORGE MUNROE et al., Appellants, *v.* JAMES A. IVIE, Respondent.

1. Appropriation of Water.—Irrigating companies cannot control running water except by legal appropriation thereof, and any person, a stranger to such company, has a right to appropriate water not legally appropriated by others.

2. Legislative Act of Appropriation.—In this country lands are open to all persons, as also the appropriation of running waters, and the Territorial Legislature has no power to enact laws that will permit an irrigating company to control or manage the water of any part of the Territory in disregard of the rights of individual claimants.

Appeal from the First Judicial District Court.

The facts appear in the opinion of the court.

*Sheeks & Rawlins,* for appellants.

Priority of appropriation in this Territory, and other Western States and Territories, where artificial irrigation is required, gives the indefensible right to the use of water. *Basey* v. *Gallagher,* 20 Wall. 681; *Atchison* v. *Peterson,* 20 Wall. 507; *Butte Canal and Ditch Co.* v. *Vaughn,* 11 Cal. 143; *Barnes* v. *Sabron,* 10 Nev. 217; *Smith* v. *O'Hare,* 43 Cal. 371; *Hoffman* v. *Stone,* 7 Cal. 49; *McDonald* v. *Bear River,* 13 Cal. 220; *Kelly* v. *Natoma Water Co.,* 6 Cal. 105; Rev. Stat. U. S., § 2339.

This right applies to the full extent of the quantity of the flow of the water so appropriated, and for the periods of time in each year, month, week or day during which the appropriation is made. *Smith* v. *O'Hare,* 43 Cal. 371; *Basey* v. *Galligher,* 20 Wall. 681; 11 Cal. 143; 10 Nev. 245.

This right is subject to the condition that the appropriation must be for some useful purpose, and that ordinary economy must be employed in the exercise of the use. *Weaver* v. *Eureka Lake Co.,* 15 Cal. 271; *Basey* v. *Galligher, supra; Davis* v. *Gale,* 32 Cal. 26; 10 Nev. 246.

George Munroe et al. v. James A. Ivie.

An application of the use to a new but useful purpose does not affect the right. In this respect a change or an extension of the application of the water is unimportant. To illustrate: If with a given quantity of water the party had irrigated and matured crops upon one acre of land, but by a change of conditions he was afterwards, with the same water, able to mature crops upon two acres, and did so, this circumstance would not break the continuity of his right to use all the water. The right extends to the quantity of the water, not to its application. *Davis* v. *Gale*, 32 Cal. 26.

It clearly results from the above, that whatever labor plaintiffs and their predecessors expended to obtain water, such water having been unappropriated, and they having been in possession of objects to which it could be usefully applied they, and not the defendants, would be entitled to the benefits of this labor. 10 Nev. 244.

No question of riparian rights is involved in this case, because defendant showed no title. *Basey* v. *Galligher*, 20 Wall. 681.

The court should administer the law according to the strict right; the evidence in respect to it not being conflicting. A comparison of the value of conflicting rights would be a novel mode of determining their legal superiority. *Weaver* v. *Eureka Lake Co.*, 15 Cal. 274.

*P. T. Van Zile*, for respondent.
No brief on file.

BOREMAN, J., delivered the opinion of the court:

This is a suit for injunction to restrain respondent from appropriating water from Maple Grove Creek. Upon the hearing of the case upon its merits in the court below, judgment was given for respondent, and thereupon appellant brought the case to this court.

The judgment of the District Court is objected to mainly upon two general grounds:

George Munroe et al. v. James A. Ivie.

*First*—It is alleged that the findings of fact and decision of the court are contrary to the evidence. The statement shows that the evidence was conflicting. Where there is a substantial conflict, as appears here, the court will not disturb the finding.

*Second*—It is alleged that the conclusions of law and decree are not the legal results of the facts found. The facts show, substantially, that in 1863 the respondent went upon the ground he now claims water for, and took steps to hold it, and in 1864 he appropriated water from Maple Grove Creek, upon this land; that he was driven off by the Indians in 1865, and upon the close of the Indian war in 1866, he returned to the land and began using the waters of said creek for irrigating the land, and has continued to do so each year until the present time. In 1864, when he first appropriated the water of the creek, there was a settlement of thirteen families at Scipio, who were appropriating water from the same creek, to irrigate not to exceed two hundred acres of land. Since that time the people of Scipio had improved the channel of the creek, and, by ditching, have brought water from five springs, which did not feed Maple Grove Creek, so that now they have water for 2,400 acres, and irrigate that much. From this time the number of families at Scipio has increased; new settlers were admitted and allowed to take the water. Whilst new settlers were thus allowed to appropriate these waters, the defendant (respondent) was appropriating the water above them at his ranch. This yearly admission of new settlers into Scipio, and their appropriation of the waters, would seem to make it clear that there was no scarcity of water. If new settlers were thus allowed, without objection, to appropriate the water below respondent, we can see no reason why he could not have the same right. Water is something that the appellants could not control in any other way than by appropriation. They could not go and dig ditches and bring water down, and let it run to waste. If they failed to appropriate it, any stranger could appropriate it, and it was not necessary that such stran-

ger should be a member of the irrigating company, nor could such company injure or trample upon his rights. This is a free country, and the lands are open to all, and the appropriation of the water is open to all, and the legislature cannot pass any law that will put it into the power of an irrigating company to control and manage the waters of any part of the Territory, regardless of the rights of parties. Nor will the court allow irrigating companies to become engines of oppression. Taking all of the evidence in this case together, we think that the court below was justified in its findings and conclusions of law.

The judgment is affirmed, with costs.

HUNTER, C. J., and EMERSON, J., concurred.